IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN McCREESH, IV, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | No. 20-3002 |
| Defendants. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                                **August 25, 2020**

John McCreesh, IV, acting as the administrator of the Estate of Jermaine Zamicchieli, has sued the City of Philadelphia, the Philadelphia Department of Prisons, the Philadelphia Industrial Correctional Center, Corizon Health, Inc., MHM Correctional Services (MHM), Inc., Michele Farrell, and Blanche Carney for medical malpractice and violation of Zamicchieli's constitutional rights. The specifics of the allegations are not relevant to the instant motion—save the undisputed fact that they raise a federal question. Following removal by MHM, Plaintiff filed a motion to remand, arguing that the removal was defective because it was not consented to by all Defendants. For the reasons that follow, the Court will deny the motion.

**I.  FACTUAL BACKGROUND**

McCreesh initiated this action in the Court of Common Pleas of Philadelphia County on May 28, 2020. On June 22, 2020, MHM filed a notice of removal signed only by MHM's counsel Cassidy L. Neal, Esquire. In the Notice, MHM states "[a]t the time of this filing, counsel for all Defendants have consented to removal and no other Defendants have been served for whom consent to removal would be required." (Notice of Removal to United States District Court, ¶ 12.). Following removal, all Defendants other than MHM filed answers to the Complaint. On July 22, 2020, McCreesh moved to remand this case back to state court.

1

**II.     DISCUSSION**

A defendant may remove a case from state court to federal court only if certain substantive and procedural prerequisites are met. A case meets the substantive requirements for removal if the district court could have exercised original jurisdiction. 28 U.S.C. § 1441(a). A district court has original jurisdiction over cases arising under the Constitution and federal law. 28 U.S.C. § 1331.

Removal is procedurally proper if the removing defendant files a petition for removal within thirty days of being put on notice that the case can be removed. 28 U.S.C. § 1446. Under § 1446(b)(2)(A), in a case with multiple defendants, all defendants must "must join in or consent to the removal . . . ." *See also Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900).

McCreesh argues here that the case should be remanded because all Defendants did not timely express their consent to removal. It is undisputed that MHM, in its petition for removal, claimed that all Defendants had consented, but that no Defendant other than MHM signed the notice or otherwise affirmed its consent to the Court within the thirty-day time period outlined in § 1446. As a result, whether MHM's notice was procedurally proper boils down to this question: does the fact that MHM stated in its petition that Defendants unanimously consented to removal, by itself, satisfy the unanimity requirement of § 1446(b)(2)(A)? The Court finds that it does.

Courts that have addressed this question have arrived at different answers. "Section 1446 'does not speak directly to the issue of what form a co-defendant's consent must take,' and neither the Supreme Court nor the Third Circuit Court of Appeals has addressed what it means for a defendant to 'join' its co-defendant's removal notice." *Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 556-57 (W.D. Pa. 2015) (quoting *A.R. v. Norris*, No. 15-CV-1780, 2015 WL 6951872, at *2 (M.D. Pa. Nov. 10, 2015)). Moreover, there is a circuit split on this question.

In the Second, Seventh, and Fifth Circuits, a defendant may not verify consent to removal

on another co-defendant's behalf—though the courts give different rationales as to why. In *Getty Oil Corp. v. Insurance Company of North America*, the Fifth Circuit reasoned that "there must be some timely filed written indication from each served defendant . . . . Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). In *Roe v. O'Donohue*, the Seventh Circuit held that "[a] petition for removal fails unless all defendants join it . . . . [and] to 'join' a motion is to support it in writing . . . ." 38 F.3d 298, 301 (7th Cir. 1994), *abrogated on other grounds by Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Lastly, in *Pietrangelo v. Alvas Corp.*, the Second Circuit concluded that "defendants must independently express their consent to removal[,]" citing to a district court decision that held mandating written individual consent "serves the policy of insuring the unanimity necessary for removal" and "is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand." 686 F.3d 62, 66 (2d Cir. 2012) (citing *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998)).

District courts in this Circuit have so far concurred with the Second, Seventh, and Fifth Circuits. *See Baldy*, 149 F. Supp. 3d at 559-60 (collecting cases); *Bricker v. Stryker Co.*, No. 18-CV-672, 2018 WL 10811035, at *1 n.1 (E.D. Pa. May 14, 2018) (same). The most common reasons given are that such an interpretation of the removal procedures is common in the Circuit and flows logically from the Third Circuit's instruction that the "removal statute should be strictly construed and all doubts resolved in favor of remand . . . ." *E.g.*, *A.R.*, 2015 WL 6951872, at *3 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). Some courts also find that requiring all defendants to express consent helps to ensure all defendants really do consent to removal. *See e.g.*, *Estate of Dean v. New Jersey*, No. 12-CV-505, 2012 WL 1900924, at *2 (D.N.J. May 24, 2012); *Michaels v. New Jersey*, 955 F. Supp. 315, 321 (D.N.J. 1996).

By contrast, in the Fourth, Sixth, Eighth, and Ninth Circuits, removal is proper where a single defendant attests to the consent of all other defendants in its removal petition. All four circuits reason that permitting defendants to vouch for their co-defendants' consent would not violate the unanimity requirement because the possibility of Rule 11 sanctions and the ability of non-consenting co-defendants to object to removal mitigate the possibility that one defendant would wrongfully claim unanimous consent. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187-88 (8th Cir. 2015); *Mayo v. Bd. of Educ. of Prince George's Cty.*, 713 F.3d 735, 742 (4th Cir. 2013); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004). As an additional reason, the Eighth Circuit notes that Congress was likely ambivalent about the form that consent must take, given that § 1446 is silent on the matter, yet specifies other elements of the removal procedure in detail. *Griffioen*, 785 F.3d at 1187.

This Court is persuaded that a single defendant may attest to the consent of all other defendants in its removal petition. The text of § 1446(b)(2)(A) reads "all defendants who have been properly joined and served must join in or consent to the removal of the action." Nothing in the text of § 1446(b)(2)(A) suggests individualized written consent is necessary for removal or speaks at all to the form consent must take. For three reasons, the fact that Congress did not specify the form of consent convinces this Court that the term should not be read to denote only individualized written consent.

First, in the context of federal jurisdiction, the term "consent" does not naturally denote only express written consent. For instance, in the related context of personal jurisdiction, a party can consent to the jurisdiction of a federal court in a mydaid of ways other than express written notice. *See Insurance Corporation of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694,

4

703-04 (1982) (detailing "[a] variety of legal arrangements [that] have been taken to represent express or implied consent to the personal jurisdiction of the court[.]"). Given the existence of a well-developed body of law detailing parties' ability to "consent" to federal jurisdiction by means other than written notice, if Congress had intended to restrict "consent" in the removal context to only express written consent, it would have said so.

Second, Congress is clearly capable of specifying the form consent must take when that form is important. For instance, in Rule 73 of the Federal Rules of Civil Procedure, which permits parties to consent to trial by a magistrate judge, the Rule instructs that "[t]o signify their consent, the parties must jointly or separately file a statement consenting to the referral." Fed. R. Civ. P. 73(b)(1). If, in drafting § 1446(b)(2)(A), Congress had likewise intended to require parties to signify their consent by filing a statement with the Court, it would have said so.

Third, the Court agrees with the Eight Circuit in *Griffioen*, which observed that "§ 1446 as amended lays out in detail the procedures for the notice of removal, including the form of the notice and the time frame for each defendant to file it in a multiple-defendant action. Congress could have defined with equal specificity the form of or time for consent but chose not to do so." 785 F.3d at 1187. This suggests a lack of Congressional intent to limit the form of consent.

In total, the absence of any specified procedure by which defendants may consent to removal suggests Congress did not intend to place any specific limit on the form consent could take—so long as it informed other parties and the Court of defendants' unanimous consent to removal. And a notice of removal attesting to the consent of the other defendants does precisely that. Indeed no one has seriously suggested permitting one defendant to attest to the consent of the others genuinely endangers the rule of unanimity. The Fourth, Sixth, Eighth, and Ninth Circuits are correct that the risk of Rule 11 sanctions is sufficient to deter defendants from wrongfully

5

representing unanimity of consent, and to the extent that any defendant remains undeterred, all a non-consenting co-defendant would have to do is notify the court of its objection. Thus, a single notice of removal stating that all defendants consent is sufficient to notify the court of unanimity, which in turn makes it sufficient under § 1446(b)(2)(A).

Lastly, the Court is not persuaded by the notion that construing "consent" under § 1446(b)(2)(A) to refer only to express written consent is required by the fact that the "removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels*, 770 F.2d at 29. The Court's reading of § 1446 "does not run counter to a strict construction of the removal statute, because the statute is silent regarding the form of consent." *Szuszalski v. Fields*, No. 19-CV-250, 2019 WL 5964602, at *7 (D.N.M. Nov. 13, 2019). As there is no statutory term outlining the form of consent for the Court to construe strictly, the Court does not find the Third Circuit's instruction controlling here.

Thus, the Court finds that a defendant's timely removal notice indicating consent on behalf of a co-defendant, signed and certified pursuant to Rule 11, sufficiently establishes the co-defendants' consent to removal. Applying the law to the facts at hand, the Court finds that removal is proper because MHM's timely removal petition attests to the fact that all Defendants consent to removal. Therefore, McCreesh's motion for remand will be denied.

An Order consistent with this Memorandum will be docketed separately.